Wormser agt. Dahlman, Kline and Roth.

# U. S. CIRCUIT COURT.

Isidore Wormser and Simon Wormser agt. Charles Dahlman, Arthur A. Kline and Adolph B. Roth.

*Removal of cause — Suit against three defendants as copartners, may be removed only as against the defendant who petitions.*

Where suit is commenced in a state court against three defendants as copartners, the plaintiff and one of the defendants being citizens of the state, and the other two defendants being citizens of another state, the same may be removed to the United States circuit court on petition of one of the non-resident defendants, so far as it concerns him.

Under the act of 1866 and subdivision 2 of section 639 of the United States Revised Statutes, the suit may be removed only as against the defendant who petitions to have it removed, only as against him.

Subdivision 2, of said section 639, so far as it authorizes a defendant to remove a cause as to him, is not repealed by the act of 1875 (18 *U. S. Statutes at Large*, 470).

To entitle the party to a removal, the suit must be one in which there can be a final determination of the controversy, *so far as concerns him*, without the presence of the other defendants as parties in the cause.

*Southern District, of New York, May,* 1879.

*D. M. Porter,* for plaintiffs.

*R. S. Newcombe,* for defendant.

Blatchford, *J.*— This suit was commenced in the superior court of the city of New York. Process was served on the defendant, Dahlman, alone. He appeared in the state court in the suit, and the complaint was put in and he answered it. No other defendant has appeared or answered either in the state court or in this court. The plaintiffs and the defendant Kline were, at the time the suit was commenced, citizens of the state of New York, and the other defendants were, at that time, citizens of the state of California. The suit is one against the three defendants, as copartners, to recover on a

copartnership liability on two promissory notes made by the defendants, as copartners. Dahlman presented to the state court a petition verified April 1, 1879, setting forth "that there can be a final determination of the controversy so far as it concerns your petitioner, without the presence of the other defendants as parties to the cause," and "that your petitioner is desirous, so far as concerns him, of removing the cause to the United States circuit court," and praying "that, so far as it concerns him, the cause may be removed to the next circuit court of the United States for the southern district of New York." The necessary bond was given and was approved by a judge of the state court. It does not appear that the plaintiffs' attorney had notice, in the state court, of the proceedings for removal or that any order of removal was made by the state court. The defendant, Dahlman, has filed, in this court, papers certified by the clerk of the state court as a copy of the record in the suit and of all process, pleadings and other proceedings in it, which consist of the summons, notice to the plaintiffs' attorney of Dahlman's appearance, complaint, answer of Dahlman, petition for removal and bond on removal. On filing such papers in this court the defendant, Dahlman, entered a rule in this court continuing the cause therein and noting his appearance therein by an attorney and served on the plaintiffs' attorney a copy of such rule with notice of its entry. The plaintiffs now move to remand the cause to the state court.

It is plain that the proceedings for removal were taken not under the act of March 3, 1875 (18 *U. S. Stat. at Large*, 470), but under the second subdivision of section 639 of the Revised Statutes, which is a re-enactment of the provisions of the act of July 27, 1866 (14 *U. S. Stat. at Large*, 306). Under the act of 1875 nothing less than the whole suit can be removed into this court. Under the act of 1866 and subdivision 2 of section 639 of the Revised Statutes, the suit may be removed only as against the defendant who petitions to have it removed only as against him.

It is contended, for the plaintiffs, that subdivision 2 of section 639 of the Revised Statutes is repealed by the act of 1875 as being in conflict with the provisions of that act. I am not referred to any case in which it has been distinctly held, in a federal court, in a case involving the point, that said subdivision 2 is repealed by the act of 1875. On the contrary, in *Girardey* agt. *Moore* (5 *Central Law Journal*, '78) it was held, by Mr. justice BRADLEY, in a case involving the point, that said subdivision 2 is not repealed by the act of 1875; and judge DILLON (*Removal of Causes*, 2d ed., p. 28) observes that it is, probably, the better view, that if a case is brought within the provisions of the act of 1866, it may still be removed thereunder; that cases may arise of such a nature that they would fall within the act of 1866, and not within that of 1875, and that, in such event, the latter act should not be held to repeal, by implication, the former. This is, I think, the proper view. The act of 1875 does not expressly repeal said subdivision 2 of said section 639 ; and, as the act of 1875, in section 2, only relates to the removal of the whole suit, while said subdivision 2 of said section 639 relates to the removal of the suit as against one of two or more defendants, if the suit is one in which there can be a final determination of the controversy, so far as concerns such one defendant, without the presence of the other defendants as parties in the cause, I concur with Mr. justice BRADLEY in the view that there is no conflict between the provisions, and no reason why both should not stand, and that said subdivision 2 of said section 639, so far as it authorizes a defendant to remove a cause as to him, is not repealed by the act of 1875.

It is also contended for the plaintiffs that this suit is not one in which there can be a final determination of the controversy, so far as concerns Dahlman, without the presence of the two defendants sued with him, as copartners, as parties in the cause. The view urged is that, as the three are sued as copartners, no recovery can be had against Dahlman, unless the copartnership shall be established, and that, in such event,

Wormser agt. Dahlman, Kline and Roth.

the determination must be against the three. The plaintiffs, as part of their causes of action on the two notes, set forth in their complaint that they signed a composition of such notes, and surrendered them, because of fraudulent representations made by the defendants, inducing such signing and surrender. The plaintiffs contend that, as such composition was one with the defendants jointly and as copartners, the controversy cannot be determined without the presence of all of them.

The language of subdivision 2 of section 639 of the Revised Statutes, is not that the suit must be one in which there can be a final determination of the whole controversy instituted by the plaintiffs, as regards all the defendants, without the presence of all, but is only that the suit must be one in which there can be a final determination of the controversy, so far as concerns the defendant petitioning for removal, without the presence of the other defendants as parties in the cause. I do not see why this controversy cannot be determined finally, so far as concerns Dahlman, with him alone served or appearing as defendant. He cannot now be heard to allege that the others must be served or appear in this court. The plaintiffs have the right to proceed at the same time with this suit in the state court as against the other two defendants. As this is a suit at law, and the state practice governs it, if the plaintiffs, serving process only on Dahlman, would, if the suit had all of it remained in the state court, and it had been tried on the present pleadings, and they had recovered judgment, have been entitled to a judgment against all the defendants as composing the copartnership which made the notes, so far as to be able to enforce such judgment against the joint property of all such defendants and against the separate property of Dahlman, they will be entitled to a like judgment with like effect in this court. The words in the statute, "the presence of the other defendants as parties in the cause," means their presence by being served with process or by appearing. Any rights which the plain-

tiffs would have had in the suit as against the other two defendants, not served or appearing by reason of the service on, or appearance of, Dahlman, still remain to the plaintiffs and are brought into this court by the coming of the plaintiffs and of Dahlman into this court.

It is objected by the plaintiffs that the petition for removal is not signed or verified by Dahlman but is signed and verified by the attorney for Dahlman in the suit. I think the petition is sufficiently signed and verified.

There is no force in the objection that notice of the application for removal was not given to the plaintiffs' attorney.

The motion to remand the cause is denied.